WILLIAM RAMSDEN, Appellant, vs. WILLIAM O'KEEFE and BRIDGET O'KEEFE, Respondents.

APPEAL FROM THE DISTRICT COURT OF SCOTT COUNTY.

The complaint showed that the Defendant, William O'Keefe, fraudulently disposed of personal property belonging to Plaintiff; that he has converted the proceeds into lands, has placed the title to the same in the name of his wife, and that the husband is wholly insolvent. *Held*, that sufficient was shown to give a court of equity jurisdiction, and to entitle the Plaintiff to the relief demanded.

Points and authorities for Appellant.

I. The complaint states a good cause of action against the Defendant, Wm. O'Keefe. 4 *Minn.*, 1.

II. There is no misjoinder of causes of action for the reason that there is only *one* transaction set forth in the complaint, and all of its parts arise from the same subject of action.

III. If there is a good cause of action stated against *one* of the

Ramsden v. O'Keefe.

Defendants, a joint demurrer by all the Defendants sued does not lie. It is therefore entirely immaterial as to whether there is an *excess* of parties to this action.

Points and authorities for Respondents.

I. This Appellant is not in a condition to ask the aid of a court of equity, because "if a *creditor* seeks the aid of this court against the real estate of his debtor he must show a judgment at law creating a lien on such real estate." The action being for a *tort* the Plaintiff is not even a *creditor* before judgment. 4 *John. Ch. Rep.*, 671; 1 *Paige*, 305; 9 *Wend.*, 548; 2 *John. Ch. R.*, 144; 3 *Paige R.*, 319; 10 *Paige*, 519; 7 *Id.*, 663; 8 *Barb.*, 595; 3 *Kernan*, 161, 488.

II. No judgment being demanded against Defendant William, none can be entered against him. *Comp. Sts.*, *p. 554, sec. 169*.

III. Several causes of action are improperly united, to wit: a cause of action against Defendant William sounding in *tort* for the conversion of personal property, is improperly united with a cause of action against the Defendant Bridget as trustee by operation of law.

IV. There is no direct allegation that Plaintiff is the owner of the property.

L. M. Brown, Counsel for Appellant.

Henry Hinds, Counsel for Respondents.

*By the Court*—Atwater J.—This was an appeal from an order sustaining a demurrer to the complaint. The complaint alleges that "on or about the first day of March, 1862, the Defendant, William O'Keefe, became possessed of the following described property of the Plaintiff, to wit: one span of horses, of the value of $175; one set of horse harness, of the value of $10; and one cart, of the value of $10.

"And Plaintiff further states, that thereafter, and before the 6th

day of April, 1863, and while the Plaintiff was still the owner of the aforesaid property, the said William O'Keefe, without the knowledge or consent of the Plaintiff and against his will, sold the aforesaid horses and harness, and delivered the possession thereof to the purchaser, and received as consideration therefor the sum of $158.

"And the Plaintiff, further complaining, says, that after the sale and delivery of said horses and harness, as aforesaid, and after the receipt of the money aforesaid by said O'Keefe, the said O'Keefe purchased the following described tract of land, to wit, (describing eighty acres) and for the purchase money therefor, paid and delivered the identical money received by him for said horses and harness as aforesaid, and also the aforesaid cart, and then and there caused the conveyance of the said land to be made to said Bridget O'Keefe, who then was and still is, the wife of said William O'Keefe, and which conveyance is now on record in, &c.

"And the Plaintiff further says, the aforesaid transaction by said O'Keefe was wholly without the consent of the Plaintiff, and that the aforesaid acts and each of them, except the taking possession of said property, were done by the said O'Keefe with intent to cheat, defraud and despoil the Plaintiff of his said property; that said O'Keefe is wholly insolvent and irresponsible, and has no property out of which the Plaintiff can collect or realize the damages sustained by him as aforesaid or any part thereof."

Then follows the prayer for judgment, asking the decree of the court, that the said Bridget O'Keefe be vested with the title of said land as the trustee of the Plaintiff to the extent of the sum of $195; that the land be sold, under the decree of the court, to realize said sum, with interest and costs of action, &c.

The first objection urged by Defendant against this complaint is, that the Plaintiff is not in a condition to ask the aid of a court of equity, because, "if a creditor seeks the aid of this court against the real estate of his debtor, he must show a judgment at law, creating a lien on such real estate." This proposition was doubtless true under the former practice, when courts of law and

equity were distinct tribunals, and there are authorities holding that the same rule is applicable in the system of practice adopted under the Code. It is unnecessary, however, to determine this question in this case, since the principle has no application to the facts stated in the complaint. The relation of Plaintiff to Defendant, under the facts stated, is not that of creditor to debtor, but very different. The Plaintiff is pursuing his own property, which the Defendant is endeavoring to deprive him of by fraud. The Defendant never had the right to this property, unless it be held' that a man may acquire a good title to property, by fraudulently converting one species of property (not owned by himself) into a different kind. If the facts stated in the complaint are true, the Plaintiff is clearly entitled in equity to this property, or at least sufficient to pay the amount fraudulently converted by Defendant; and it would be worse than an idle ceremony to turn the Plaintiff out of court, and compel him to commence an action at law, and obtain a judgment which should be a lien upon the real estate. In all probability he never could acquire such lien, since the complaint shows the Defendant wholly insolvent, and such an action (under the facts here stated) could not be brought against the wife, and a judgment, if obtained, would not be a lien upon this property standing in her name. No parallel case has been cited, nor are we aware that any can be found, where such course has been adopted, even under the former practice. But whether so or not, we should, under the admitted facts of this case, long hesitate to adopt a precedent so manifestly calculated to defeat the ends of justice.

The case of *Wiggins vs. Armstrong*, 2 *John. Ch. R.*, 144, cited by respondent, perhaps fairly represents all the cases cited by him under the proposition above quoted. In this case it was held, that " a creditor at large or before judgment is not entitled to the interference of this court by injunction, to prevent the debtor from disposing of his property in fraud of such creditor." The statement of the syllabus shows the cases to be widely different, and the reason there given for the rule, to wit: " that until the creditor has established his title he has no right to interfere, and it would

lead to an unnecessary and perhaps fruitless and oppressive interruption of the debtor's rights," shows that case and class of cases bears no analogy to the one at bar.

The Plaintiff has shown a case of which equity has jurisdiction. It appears that the Defendant O'Keefe has fraudulently disposed of personal property belonging to Plaintiff, that he has converted the proceeds into lands, has placed the title to the same in the name of his wife, and that for these injuries he has no remedy at law, that is, that the husband is wholly insolvent. Under these admitted facts he is entitled to the relief demanded.

It is further urged that several causes of action are improperly united, to wit, a cause of action against the Defendant William, sounding in tort, for the conversion of personal property, is improperly united with a cause of action against ·Bridget, as trustee, by operation of law.

This is a mistake. No cause of action for the conversion of the personal property is claimed in the complaint, and no judgment asked against William O'Keefe. In stating all the facts of the case, the Plaintiff, it is true, has stated a conversion of personal property by the Defendant William, but that wrong he waives, and is here only pursuing his property. He asks no damages, but simply that his property or the avails of the same may be restored to him.

The order sustaining the demurrer is reversed, with leave to Defendant to answer within twenty days after service upon him or his attorney of a copy of the order to be entered hereon.